HERNÁNDEZ, APPELLANT *v.* REGISTRAR OF SAN·JUAN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Mortgage.

No. 532.—Decided July 27, 1922.

RECORD OF TITLE—SEPARATE PROPERTY—MORTGAGE.—A mortgage created in favor of the wife is recordable as her separate property when the records of the registry corroborate the statement made by her in the mortgage deed to the effect that the money secured by the mortgage is a part of the proceeds of the sales of different segregations from property recorded in her name as her separate property.

The facts are stated in the opinion.

*Mr. J. Hernández Usera* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A certain mortgage deed executed in favor of Angela Usera Hernández was presented in the Registry of Property of San Juan for the record of the mortgage as her separate property. The registrar recorded it as community property and she took the present administrative appeal from that decision which reads as follows:

"The preceding document is recorded after examination of the power of attorney, considering the mortgage as community prop-

erty, at folio 89 of volume 68 of North Santurce property No. 3549, 3rd record; and record of the said mortgage as separate property, which it is alleged to be, is denied, because in accordance with section 1322 of the Civil Code, the mortgage should be presumed ·to be community property until the contrary is shown, it being understood that a part of the evidence required by the said section is the admission of· the spouse whom it may affect; and in this case the attorney in fact is not expressly empowered to make that admission of the separate character of the property against the presumption of its community character existing in favor of José Conrado Hernández, the husband of the mortgagee, a cautionary notice having been entered instead for the legal period in the same entry.''

The appellant maintains that the separate character of the mortgage appears from the document itself and from the registry, and that, if it were necessary, the power exhibited shows the attorney in fact to have been empowered to give the consent required by the registrar.

The clause of the mortgage which refers to the source of the money lent and secured thereby reads as follows:

. ·''Angela Usera Hernández, with the consent of her husband who is represented by Hernández Usera, declares that the amount of· this loan represents a part of the proceeds of the sale of the different segregations made from her separate properties recorded at folio 42 of volume 2 of the North Section of Santurce, property number 50, 1st record, and at folio 112 of volume 11 of the North Section of Santurce, property number 458, triplicate, 15th record, and therefore she desires that this mortgage be recorded in her name as her separate property.''

And from the registry it appears that from the two separate properties mentioned in the quoted clause eleven segregations have been made and sold as lots for different sums which total $31,353.33; and it also appears that seven mortgages amounting to $21,000 have been recorded as the separate property of the appellant, with the consent of her husband, wherein the source of the money was stated in the same manner as in the deed referred to in this appeal.

In his Commentaries on the Mortgage Law Galindo says:

"The doctrine contained in these decisions is applicable to the case of purchase by a husband in the name and in favor of his wife, declaring, without proving, that he did so with her money. That proof would be difficult in many cases, and it is impossible to give a general rule for determining what evidence the registrar should consider sufficient.

"We should consider it sufficient to show by the corresponding deed that a certain amount had been allotted to her in the partition of an inheritance, or that she was in possession of such amount as the proceeds of sales made by her. Indeed, that amount may have been invested in something else, or retained by the wife, and the money invested in the purchase may actually belong to the husband; but all these are hypotheses relating to matters of such an intimate character within the family that they can not be taken as a basis for the registrar's decision." 1 Galindo, Mortgage Law, p. 342.

Manresa, in commenting on section 1396 of the old Civil Code, similar to section 1314 of the revised Civil Code, expresses himself as follows:

"It is not the most natural thing that during wedlock the properties contributed or acquired are preserved intact. Some are consumed, others are exchanged or sold, others are extinguished and substituted by a money compensation, etc., and all these occurrences bring about a transformation in the several properties of each spouse which are partly and successively exchanged or substituted by others.

"Our code recognizes absolutely the principle of subrogation; therefore, in principle, everything which the husband or wife may acquire as separate property during wedlock, in substitution or representation of other properties which formerly belonged to them, takes the place of these and is considered as part of his or her separate capital. The law requires only proof of the truth of such substitution, or that it appear with evident certainty. In case of doubt the properties are considered community property." 9 Manresa, Civil Code, p. 558.

See also the case of *Sociedad Protectora de Niños* v. *Registrar of San Juan*, 29 P. R. R. 909, which contains a

full discussion of the fundamental question involved in this case.

These being the facts and the law, it follows that in this case the separate character of the money invested was shown and, therefore, that the express consent of the other spouse is not absolutely necessary for recording the mort-gage created to secure the loan as separate property, for which reason it is unnecessary to consider and decide whether or not the power of attorney was sufficient.

The decision appealed from is reversed and the record ordered in the manner requested.

*Reversed.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.